PER CURIAM.
¶1 Jason D. Barnhill appeals from a judgment of conviction and an order denying his motion for sentence modification. He contends that the circuit court should have suppressed his statement to police. He further contends that his postsentencing testimony at the trial of his accomplice constituted a new factor. We disagree and affirm.
¶2 On February 20, 2015, two men robbed an Associated Bank in the City of Waukesha. Police received credible leads pointing to Barnhill as a suspect. Accordingly, on February 23, 2015, they took Barnhill into custody and placed him in a cell at the police station. There, he invoked his right to counsel and declined to answer any questions.
¶3 The next day, police arranged to have Barnhill transferred to the county jail. When Barnhill asked why he was being transferred, a detective named Thomas Casey explained that Barnhill's accomplice, Lance Keota, was in custody and police did not want them in the same cell area together. According to Casey, Barnhill told him that police had "messed up" by not talking to him. Casey reminded Barnhill that he had an opportunity to speak earlier but did not. When Barnhill continued to chatter, Casey told him to be quiet. This prompted Barnhill to make a number of statements about his life and family. He then volunteered to having planned the robbery. After waiving his right to counsel, Barnhill fully confessed to the crime.
¶4 The State charged Barnhill with robbery of a financial institution as a party to a crime and misdemeanor bail jumping.[1] Barnhill filed a motion to suppress his statement to police. The circuit court held a hearing at which both Casey and Barnhill testified. Ultimately, the court denied Barnhill's motion.
¶5 Barnhill pled no contest to a reduced charge of robbery with threat of force as a party to a crime. As part of his plea deal, Barnhill agreed to testify against Keota at his upcoming trial. The circuit court sentenced Barnhill to eight years of initial confinement and four years of extended supervision.
¶6 Barnhill subsequently filed a motion for sentence modification. In it, he argued that his postsentencing testimony at the trial of Keota constituted a new factor. The circuit court denied the motion. This appeal follows.
¶7 On appeal, Barnhill first contends that the circuit court should have suppressed his statement to police. He accuses the police of improperly interrogating him after he invoked his right to counsel.
¶8 When a suspect invokes his or her Fifth Amendment right to counsel, interrogation must cease.[2] See State v. Hambly , 2008 WI 10, ¶13, 307 Wis. 2d 98, 745 N.W.2d 48 ; Edwards v. Arizona , 451 U.S. 477, 484-85 (1981). However, further interrogation is permitted when the State shows that the suspect, rather than the police, initiated further communication and that, after initiating communication, the suspect made a knowing, voluntary, and intelligent waiver of the right to counsel. See Hambly , 307 Wis. 2d 98, ¶¶69-70.
¶9 Whether a suspect initiated further communication with police and whether a suspect knowingly, voluntarily, and intelligently waived the right to counsel present mixed questions of fact and law. See id , ¶71. We will uphold the circuit court's findings of fact unless they are clearly erroneous. Id. However, the application of legal principles to those findings of fact presents a matter for independent appellate review. Id.
¶10 Here, we are not persuaded that police improperly interrogated Barnhill after he invoked his right to counsel. The circuit court carefully considered the evidence presented and concluded that Barnhill, not police, initiated the conversation that led to his waiver of the right to counsel and confession. This finding is not clearly erroneous. Casey testified that he responded only to Barnhill's questions and listened thereafter as Barnhill unburdened himself while waiting to be transferred to the county jail. Casey did not attempt to elicit an incriminating response from Barnhill until after Barnhill indicated that he wished to waive his right to counsel. On this record, we are satisfied that the court properly denied Barnhill's motion to suppress.
¶11 Barnhill next contends that his postsentencing testimony at the trial of his accomplice Keota constituted a new factor. He seeks sentence modification on that basis.
¶12 A circuit court may modify a sentence upon a defendant's showing of a new factor. State v. Harbor , 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. A new factor is " 'a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties.' " Id. , ¶40 (quoting Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) ). Whether a fact or set of facts constitutes a new factor is a question of law that this court reviews independently. See Harbor , 333 Wis. 2d 53, ¶33.
¶13 We are not convinced that Barnhill has demonstrated the existence of a new factor in this case. As noted, Barnhill's testimony against Keota was part of his plea deal. At sentencing, the prosecutor gave Barnhill credit for his cooperation and informed the circuit court that Barnhill had agreed to testify against Keota at his upcoming trial. Thus, it cannot be said that Barnhill's anticipated testimony was "not known to the trial judge at the time of original sentencing." Id. , ¶40 (quoting Rosado , 70 Wis. 2d at 288 ). Accordingly, we conclude that the court properly denied Barnhill's motion for sentence modification.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

At the time he was charged, Barnhill was out on bail in a misdemeanor case. His signature bond included a condition that he was not to commit any crime.

The concept of interrogation refers not only to express questioning but also its functional equivalent. State v. Hambly , 2008 WI 10, 307 Wis. 2d 98, ¶46, 745 N.W.2d 48. The functional equivalent of interrogation is described as " 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response.' " Id. (quoting Rhode Island v. Innis , 446 U.S. 291, 301 (1980) ).